UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RICHARD A. SPANN-EL,

    Plaintiff,

v.

INDIANA STATE OF, MORGAN,
BENNET, WILLIAM HYATTE, CURTIS
HILL,

    Defendants.

CAUSE NO. 3:20-CV-761-DRL-MGG

OPINION & ORDER

Richard A. Spann-El, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against an immune defendant. The court remains mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Spann-El alleges that in May 2020, he was transferred to the restrictive housing unit at Miami Correctional Facility (MCF), where he remained until July 2020. He believes the transfer violated Indiana Department of Correction policy because he had not been found guilty of a disciplinary infraction. He further claims that his cell in the housing unit didn't have an intercom. He doesn't allege that he personally had a need for an intercom during the time he was in restricted housing, but he claims he frequently had to "yell at

the glass" to get help for other inmates. He further claims that he had to store his personal property in cardboard boxes, and that he was required to go without a shower for five days during early July 2020. He believes all of these conditions violated IDOC policy, which he says mandates intercoms in each cell, the provision of a metal property box to all inmates, and a shower every three days. Based on these events, he seeks $1.5 million in damages and other relief.

To state a 42 U.S.C. § 1983 claim, a plaintiff must allege "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Mr. Spann-El's allegations focus on IDOC policies, but a violation of IDOC policy doesn't give rise to a constitutional claim. *Wozniak v. Adesida*, 932 F.3d 1008, 1011 (7th Cir. 2019) ("a constitutional suit is not a way to enforce state law through the back door"); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws").

To the extent he is asserting a federal due process claim based on his transfer within the prison, prison officials are entitled to "wide-ranging deference" in connection with their housing decisions. *Girtler v. Fedie*, No. 19-2990, 2020 WL 6481797, 2 (7th Cir. Nov. 4, 2020) (quoting *Bell v. Wolfish*, 441 U.S. 520, 547 (1979)); *see also Shango v. Jurich*, 681 F.2d 1091, 1102 (7th Cir. 1982) (observing that prison transfers are "the business of penologists and not the business of federal judges") (citation and internal quotation marks omitted). Additionally, the complaint reveals that Mr. Spann-El was in restricted housing for only a few months, which is "generally not long enough to trigger due

2

process protections." *McCoy v. Atherton*, 818 F. Appx. 538, 542 (7th Cir. 2020). Nor has he described the type of atypical, harsh conditions that would implicate a due process liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also Hardaway v. Meyerhoff*, 734 F.3d 740, 744 (7th Cir. 2013) (inmate was not deprived of a due process liberty interest when he spent six months in segregation and had only weekly access to showers).

Mr. Spann-El's allegations about the improper storage of his personal property also don't adumbrate a due process claim. If any of his property was damaged, he has an adequate state post-deprivation remedy available. *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("[Plaintiff] has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due.").

Although unclear, he may be claiming that the five-day period he went without a shower violated his rights under the Eighth Amendment. In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). On the subjective prong, the prisoner must allege that the defendant acted with deliberate indifference to his health or safety. *Id.*; *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

The Eighth Amendment does not entitle inmates to daily showers, and one shower per week is constitutionally sufficient. *Henderson v. Lane*, 979 F.2d 466, 469 (7th Cir. 1992); *Davenport v. DeRobertis*, 844 F.2d 1310, 1316 (7th Cir. 1988). There is no indication from the complaint that this temporary shower restriction impaired Mr. Spann-El's health or

was anything other than a minor inconvenience. He has not described a condition serious enough to trigger Eighth Amendment protections.

He also cannot satisfy the subjective prong with allegations that a defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834. He names Indiana Attorney General Curtis Hill and Warden William Hyatte as defendants, but there is no indication that these high-ranking state officials had any personal involvement in these events. They cannot be held liable simply because they oversee law enforcement operations within the state or supervise correctional personnel. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Mr. Spann-El also names Lieutenant Morgan and Captain Bennet (first names unknown) as defendants, but he does not mention them in the body of the complaint, and there is no factual content from which it can be plausibly inferred that these individuals were personally aware of the shower schedule or were otherwise deliberately indifferent to Mr. Spann-El's health or safety. He also sues the State of Indiana, but the Eleventh Amendment bars his claim for damages against the state. *de Lima Silva v. Dep't of Corr.*, 917 F.3d 546, 565 (7th Cir. 2019). Therefore, his allegations don't state a plausible claim for relief under 42 U.S.C. § 1983.

In the interest of justice, the court will allow Mr. Spann-El to amend his complaint if, after reviewing the court's order, he believes that he can state a plausible constitutional claim, consistent with the allegations he has already made. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1025 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **December 16, 2020** to file an amended complaint if he so wishes; and

(2) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A, because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED.

November 16, 2020                              *s/ Damon R. Leichty*
                                               Judge, United States District Court